Catron, Ch. J.
delivered the opinion of the court.
In 1802, Elizabeth Stokes was about to intermarry with Amos Johnston, in the county of Onslow, North Carolina. She was the owner of sixteen slaves, and to secure them to herself, she, in conjunction with her intended husband, conveyed them and their increase to Uz Williams, to hold in trust “for the support and maintenance of said Elizabeth, during her natural life. ” And the trustee covenants to hold for, and keep her possessed of the slaves and their increase, during the natural life of said Elizabeth. It is further stipulated, “if the said Elizabeth die without lawful heirs of her body, one half of the negroes and their increase are to return to her brothers and sisters; *343 and the other part of the above named negroes shall be to my use and disposal,' as I shall see necessary, notwithstanding said marriage, at any time or times after the said marriage takes place, without any let, hindrance or interruption from him, the said Amos Johnston, or Uz Williams, or anything herein contained to the contrary no twithstan ding."
The marriage took effect. Hackney married a daughter of Mrs. Johnston. Pour of the slaves were sent to -the daughter, who died; and now suit is brought for the negroes in the name of the trustee.
Proof was offered to show, that Mrs. Johnston, with the assent of her husband, gave the negroes to the son-in-law, Hackney. This the circuit court rejected as incompetent. Was this error? is the first question.
The construction of this marriage settlement is directly involved in another ,case pending in this court; and we only feel it incumbent on us at present to say, we apprehend the circuit court correctly rejected the evidence. If Mrs. Johnson reserved the power of disposition of one half of the slaves, that half could only be disposed of after a division of the property for this, purpose with the trustee, and his consequent assent to the exercise of the power reserved.
2. An office copy of the deed of marriage settlement was offered in evidence, objected to on behalf of the defendant, but admitted by the court.
It is objected, the register’s certificate has no seal to it. The act of Congress of 1804, (2 Scott, 860,) provides, that the seal of the office shall be affixed to exemplifications of records not pertaining to a court, if there he a seal. We know that by law there is no official seal belonging to the registers’ offices of North Carolina. This certificate is well enough.
Next follows the certificate of the clerk of the county court, stating that James Glum is register, and his attestation in due form. This certificate is not required by *344 the act of Congress, or worth anything;. The act required the keeper of the office, the register, to certify the copy as a true one. 2. The certificate of the presiding justice of the county court, that the attestation of the register is in due form, and by the proper officer. 3. The certificate given by the presiding justice must be authenticated by the clerk of said court, “who shall certify under his hand, and the seal of his office, that the said presiding justice is duly commissioned and qualified.” The certificate of the presiding justice of Onslow cou.nty court is sufficient in this instance, although it contains superfluous statements, by attesting that the clerk’s certificate is in due form, &c.
Next comes the certificate of the clerk, stating "William Jones “is chairman of the Onslow county court, duly elected and appointed chairman.” We know the chairman of a North Carolina county court is the presiding justice; but there .might be a presiding justice and no chairman, as has been often the case in Tennessee. The leading object of the act of Congress is, to have the evidence of a member of the county court, and that of the leading member, to the fact, that the proper officer has given the copy, and has certified it in the form to make it evidence in the State where he is an officer; and to be assured that the justice is a member of the court, a third officer, the clerk of the court, is required to furnish his evidence under the seal of the court, that the justice is duly commissioned and qualified. That William Jones was duly commissioned and sworn in as a justice of the county court of Onslow, does not appear, and therefore the copy was incorrectly admitted.
Judgment reversed.